IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>BERNHARD SCHULTE SHIPMANAGEMENT (SINGAPORE) PTE LTD.,<br><br>          Defendant. | Case No. 20-cr-00004-DKW-1<br><br><br>**ORDER (1) GRANTING MOTION TO STRIKE, AND (2) GRANTING IN PART MOTION FOR AWARD** |

The United States moves for a monetary award of $500,000 to be issued to a whistleblower–Prashant Kumar Shaba Bahadur Singh–who the government asserts "first reported" illegal transfers of waste from Defendant's vessel, resulting in the vessel being boarded by U.S. Coast Guard officials.   The government asserts that such an award is appropriate, pursuant to Section 1908(a) of Title 33, because it is approximately 28.5% of the fine paid by Defendant for its conduct, and "the criminal prosecution in this case would probably not have been discovered[]" without Singh's assistance.   While the Court has no reason or information to dispute the level or importance of Singh's assistance to the government's investigation and successful prosecution of Defendant, the Court does not fully agree with the amount of the award sought.   Specifically, in light of the historical

awards issued in like cases to which the government cites, and because Singh is a solo whistleblower who would not share any approved award, the Court finds that $300,000 is more than sufficient to compensate Singh for his assistance and simultaneously encourage similar whistleblowers to come forward.   Therefore, as more fully discussed below, the motion for award is GRANTED IN PART.   The Court further GRANTS the government's motion to strike, Dkt. No. 26 at 2-3, Defendant's response to the motion for award because the Court agrees that Defendant has taken a position with respect to the award, contrary to its plea agreement obligations.

## LEGAL STANDARD

Pursuant to Section 1908(a), "[i]n the discretion of the Court," no more than half the fine paid by a person convicted under the statute may be awarded to an individual giving information that leads to such a conviction.   33 U.S.C. § 1908(a).

## DISCUSSION

### 1.   Motion to Strike

The Court begins with the government's motion to strike Defendant's response to the motion for award, Dkt. No. 26 at 2-3, to which Defendant has filed an opposition, Dkt. No. 27.   The government asserts that Defendant's response is

in violation of the plea agreement in this case because, in the response, Defendant takes a position as to the motion for award.   In opposition, Defendant argues that it did not take a position in its response and merely presented "salient facts" for consideration.   *Id*. at 2.   The Court agrees with the government.

In the "[a]greement" section of the plea agreement, Defendant agreed to "take no position on any motions that the government may file regarding a request or recommendation to the Court for an award to be paid to any persons pursuant to 33 U.S.C. § 1908(a)."   Dkt. No. 18 at 3.   In its response, Dkt. No. 24, although Defendant states that it "takes no position on the [motion for award]," plain review of the same demonstrates the opposite.   Specifically, Defendant's clear position is that Singh should not receive the award requested by the government because it is excessive.   This is evident because Defendant provides a version of events in which Singh is blamed, in part, for allegedly not following Defendant's policies, Defendant promotes those policies and the training Singh received, and Defendant champions its alleged activities since the incident that led to its conviction in this case.   That is a *position* as much as any other.   Moreover, the clear bent of every one of the "salient facts," as mentioned, leans (conveniently or otherwise) in only one direction: the requested award to Singh is excessive–a *position* that Defendant agreed in the plea agreement not to take.   Finally, even in its opposition to the

motion to strike, Defendant *continues* to take a position with respect to the motion for award and declaration from Singh, which was submitted with the government's reply.[1]   Although Defendant, once again, states that it "takes no position" with respect to the declaration, Dkt. No. 27 at 6, repeatedly saying so does not make it true.   Defendant quarrels with a number of purported deficiencies with Singh's declaration, *see id*. at 6-7.   Defendant also contends that the government is not consistently applying the award component of Section 1908(a) and only through the government's inconsistent application can one arrive at the $500,000 figure proposed for Singh.   *See id*. at 7-9.   How Defendant can even begin to credibly assert that these are not *positions* it takes with respect to the proposed award to Singh is lost on the Court.   As a result, the Court finds that Defendant has acted contrary to its plea agreement obligations and GRANTS the government's requested relief by striking Dkt. No. 24.

**2.    Motion for Award**

As mentioned, the government moves for $500,000 to be awarded to Singh for his efforts in helping the government investigate and prosecute Defendant. The government correctly asserts that, in light of the fine issued in this case,

---

[1] Which, in effect, turns Defendant's opposition to the motion to strike into a sur-reply with respect to the motion for award that is prohibited by rule.

$500,000 is within the limits of an award allowed by Section 1908(a).[2]   Having

reviewed the entire record (excluding Dkt. No. 24[3]), however, the Court finds that

$500,000 is too great an award for a single whistleblower to receive under the

circumstances of this case.   The Court relies primarily on the historical awards to

which the government cites.   *See* Dkt. No. 22 at 5-6.   While a few of those

historical awards exceed $500,000, there are multiple recipients in nearly every

one of those cases that split the award.[4]   Where, as here, an individual

whistleblower was in play, the award in virtually every case was significantly less,

in most cases even less than the amount the Court awards now.   Ultimately, based

upon the Court's review of these historical awards, an award of $300,000 is

appropriate.[5]   The Court further finds that an award of $300,000 is sufficient under

the facts of this case.   More specifically, $300,000 is sufficient to compensate

Singh for his fortitude in coming forward and providing usable evidence in

furtherance of the government's investigation and successful prosecution of

---

[2]Specifically, the fine here was $1,750,000, Dkt. No. 19, which means that, pursuant to Section 1908(a), Singh could be awarded as much as $875,000.

[3]Because, as noted, Defendant includes additional argument against the proposed award in Defendant's opposition to the motion to strike (Dkt. No. 27), the Court ignores that additional argument as well.

[4]The only possible exception may be an award of $550,000 to a crew member in *United States v. Ionia Management, S.A.*, No. 3:07-CR-134 (D. Conn. 2011).   *See* Dkt. No. 22 at 6.

[5]The Court notes that the government does not assert that this case is materially different than the ones cited in its brief.

Defendant, all at the risk of personal loss and future employability–something which Singh asserts has already occurred.   *See* Dkt. No. 26-1 at ¶ 29.   At the same time, $300,000 is also sufficient to encourage future seaman to come forward in similar circumstances, with the goal being the protection of our seas.

## <u>CONCLUSION</u>

For the reasons set forth herein, the Court GRANTS the motion to strike, Dkt. No. 26 at 2-3, and instructs the Clerk to STRIKE Dkt. No. 24 in its entirety. The Court further GRANTS IN PART the motion for award, Dkt. No. 22, to the extent that Singh is awarded $300,000.   The government is ordered to promptly provide wiring instructions.   Upon receipt of said wiring instructions, the Clerk is instructed to transfer the award of $300,000 to the recipient and/or his designee.

IT IS SO ORDERED.

DATED: October 21, 2020 at Honolulu, Hawaiʻi.



_____
Derrick K. Watson
United States District Judge

_____
United States of America v. Bernhard Schulte Shipmanagement (Singapore) PTE LTD., Criminal No. 20-00004 DKW-1; **ORDER (1) GRANTING MOTION TO STRIKE, AND (2) GRANTING IN PART MOTION FOR AWARD**