IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BERNHARD SCHULTE SHIPMANAGEMENT (SINGAPORE) PTE LTD.,<br><br>Defendant. | Case No. 20-cr-00004-DKW-1<br><br>**ORDER (1) DENYING MOTION FOR EARLY TERMINATION OF PROBATION, AND (2) DENYING MOTION TO EXTEND PROBATION** |

Three years after being ordered to serve a four-year term of probation for failing to accurately maintain an oil record book aboard the *Topaz Express*, Defendant Bernhard Schulte Shipmanagement (Singapore) Pte. Ltd. (Defendant or BSM), an operator of maritime vessels, moves for early termination of said probation, principally arguing that, during the term of probation, its vessels "have traded to ports around the world including the United States without [an environmentally-related] incident, issue, or detention." The government both opposes the motion and moves to *extend* BSM's probation by an additional year, arguing that BSM has violated its Environmental Compliance Plan (ECP) on multiple occasions over the past three years.

Having reviewed the parties' briefing, and considered the applicable standards of review, the Court finds that the record supports neither early termination nor an extension of BSM's probation. Specifically, although there is evidence that BSM has made productive and worthy strides towards accomplishing its environmental goals and meeting its related obligations, there is also evidence that BSM is still to reach the heights of achievement that it contends have already occurred. Ultimately, from either a termination or extension perspective, the Court has been presented with no sufficiently persuasive evidence to change course from the four-year term of probation originally imposed in this case. Therefore, for the reasons more fully set forth below, the motion for early termination of probation, Dkt. No. 30, and the motion to extend probation, Dkt. No. 33, are DENIED.

## PROCEDURAL BACKGROUND

On February 10, 2020, BSM waived indictment and pled guilty to one count of failing to accurately maintain an oil record book in violation of 33 U.S.C. Section 1908(a). Dkt. Nos. 1, 16. At the same time, BSM was sentenced to four years of probation and ordered to pay a fine of $1,750,000.00. Dkt. Nos. 16, 19. In agreeing to plead guilty, BSM acknowledged that it was the corporate operator of a vessel called *Topaz Express*, and the actions of the vessel's crew resulted in

bilge waste being pumped overboard without use of pollution prevention equipment. Dkt. No. 18 at ¶ 8. With respect to probation, the government and BSM agreed to recommend a probationary period of 4 years, with BSM being entitled to move for early termination of probation after 36 months, and the government agreeing not to object to the same "absent good cause." *Id*. at ¶ 10(D). BSM also agreed not to commit any further violations of U.S. environmental laws and the International Convention for the Prevention of Pollution from Ships, and agreed to implement the ECP−a violation of which would constitute a violation of probation. *Id*.

      Roughly 37 months later, BSM filed the instant motion for early termination of probation. Dkt. No. 30. After the government filed a joint response and motion to extend probation, Dkt. No. 33, the Court set both motions for hearing on April 10, 2023, Dkt. No. 35. On March 20, 2023, the U.S. Probation Office filed a response to BSM's motion, stating that it did not support an early termination of BSM's probation in light of various incidents that had occurred throughout the term of probation. Dkt. No. 36. On April 5, 2023, BSM filed a reply in support of its motion, and, on April 10, 2023, the Court held a hearing on the pending motions, Dkt. No. 40. This Order now follows.

## LEGAL STANDARDS

After considering the factors in 18 U.S.C. Section 3553(a), a court may terminate a term of probation if "such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). A court may also extend a term of probation, "if less than the maximum authorized term was previously imposed, at any time prior to the expiration or termination of the term of probation, pursuant to the provisions applicable to the initial setting of the term of probation." *Id*. § 3564(d).[1]

## DISCUSSION

For the reasons more fully discussed below, the Court finds no sufficiently persuasive reason to alter the four-year term of probation ordered in this case.

BSM argues that it is entitled to a lesser term of probation for various reasons. Dkt. No. 30-1. Principally, BSM contends that it has "fully complied" with all of its probation requirements. *Id*. at 5. BSM states that it has successfully implemented the terms of the ECP, made numerous revisions to its environmental manual, and implemented electronic log books that allow BSM to "identify any anomalies in vessel waste stream production and/or processing." *Id*.

---

[1] The "provisions applicable to the initial setting of the term of probation" include 18 U.S.C. Section 3562(a), which incorporates by reference the factors set forth in Section 3553(a).

at 6-8. BSM further states that, since July 2019, its vessels have undergone 369 port inspections, with no major deficiencies recorded for environmental items. *Id*. at 9-10. BSM, through its Compliance Manager Mark Adams, also asserts that BSM's vessels have "traded to ports around the world including the United States without incident, issue, or detention." *Id*. at 9 (citing 3/6/23 Decl. of Mark Adams at ¶ 34, Dkt. No. 30-2). In other words, according to BSM's opening memorandum, the company has been "exemplary" during probation. *Id*. at 10, 14.

Painting a somewhat different picture, the government argues that, rather than ending BSM's probation early, it should be extended by an additional year. Dkt. No. 33. Principally, the government relies upon 13 incidents that it asserts constitute violations of BSM's probation. *Id*. at 6-13. Those incidents involve, *inter alia*, "impermissible" edits to a vessel's oil record book, falsification of waste oil sounding records, a vessel's "port side waste oil connection" failing to comply with U.S. environmental regulations, and the installation of unauthorized "toggle switches" on vessels. These incidents began on May 26, 2020, and continued until the most recent on February 3, 2023. *Id*. Perhaps the most notable incident occurred on September 7, 2020 when the "Ballast Water Treatment System" failed on the vessel *Sabrewing*. *Id*. at 7-8. Rather than waiting for the system to be repaired, as required by federal regulations, the "master" of the *Sabrewing*

5

discharged untreated ballast water into a port in Louisiana. The master also failed to report this incident for two days. *Id*. The government argues that, in light of these incidents, BSM's "corporate culture has not meaningfully changed" and, thus, probation should be extended. *Id*. at 13-14.

In its reply, Dkt. No. 39, BSM acknowledges, for the first time, the existence of the 13 incidents identified by the government. It argues, however, that at least two of the same were not violations of the ECP or any law, and the remaining incidents were "singular events", "minor", caused by "individual" actors, and/or "promptly rectified." *Id*. at 4-9. BSM further argues that it has not "shied away" from its errors and the same are "extremely limited" in context. *Id*. at 10-11. BSM also states that its request for early termination of probation is supported by the two experts approved by the government and the Court to oversee compliance with the ECP. *Id*. at 2-3.

Upon review of the foregoing and the record generally, and after hearing the oral argument of the parties, the Court remains unconvinced that the original four-year term of probation should be changed, either by subtraction or addition. As an initial matter, the Court's ruling herein is not intended to minimize the time and effort BSM has shown in implementing the ECP and otherwise attempting to improve its environmental stewardship. BSM's progress is certainly to be

commended.  That being said, the items that mark BSM's progress are also largely items that arise out of the obligations agreed to by BSM when entering its guilty plea in this case.  The fact that BSM has followed many (but not all) of its obligations is simply not cause for the Court to end the same prematurely.  In addition, as indicated, despite the picture portrayed in the opening memorandum, BSM has not fully complied with its obligations.  Most notably, the incident in U.S. waters involving the *Sabrewing*.  While the totality of these incidents—in the context of BSM's extensive U.S. and worldwide operations—may not justify *extending* BSM's probation, they at least caution against ending probation early.  Further, although there was a lull in incidents between September 2020 and September 2021, in the past 18 months, there has been a steady beat of incidents, including one as recent as February of this year.  The Court also cannot ignore BSM's initial failure to apprise the Court of these incidents in its opening memorandum.  Specifically, the statement that BSM's vessels have "traded to ports around the world including the United States without incident, issue, or detention[,]" is, at least with respect to the *Sabrewing*, inaccurate.  As for the other incidents, at the very least, the statement is misleading, particularly given that the Court is obviously far less familiar with where BSM's vessels sail.  For these

reasons, the Court does not find that the interests of justice warrant a reduction in BSM's probation.

As for the government's request for an extension, the Court finds no cause for the same either. While BSM's conduct over the last three years may not have been as "exemplary" as suggested, it has been substantial and concrete. This is not just BSM's or the Court's perspective—it is also the viewpoint of both the *Third Party* Auditor and the *Court-Appointed* Monitor. See 4/4/23 Decl. of Antonis Panagiotareas at ¶ 32, Dkt. No. 39-4; 4/4/23 Decl. of Capt. Lonnie Harrison at ¶¶ 29-30, Dkt. No. 39-6. Further, although the incidents to which the government points show that BSM's work is not yet complete, as mentioned, in the context of BSM's overall workforce and fleet, those 13 incidents do not suggest that probation should be extended at this point in time.

## CONCLUSION

Accordingly, for the reasons set forth herein, BSM's motion for early termination of probation, Dkt. No. 30, is DENIED, and the government's motion to extend probation, Dkt. No. 33, is DENIED.

IT IS SO ORDERED.

DATED: April 13, 2023 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

8